UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| CHARLES N. HODGE | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | No. | 4:06-cv-52/4:05-cr-27 |
| | ) | | *Judge Edgar* |
| UNITED STATES OF AMERICA | ) | | |

## MEMORANDUM

Federal prisoner Charles N. Hodge ("Hodge") filed for post-conviction relief pursuant to 28 U.S.C. § 2255 on September 19, 2006 (Court File Nos. 1 & 2).[1] The Court denied relief on November 21, 2008, finding Hodge's conviction and sentence are not in violation of the Constitution or laws of the United States. *Hodge v. United States of America*, Civil Action No. 4:06-cv-52 (E.D. Tenn. 2008). (Court File Nos. 15 & 16). Hodge has now filed a second § 2255 motion attacking the same conviction (Criminal Court File No. 46).

Presently before the Court are two motions filed by Hodge: (1) Hodge's second § 2255 motion attacking the same conviction (Criminal Court File No. 46) and (2) his motion requesting an evidentiary hearing (Criminal Court File No. 48).

In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," effective April 24, 1996, Hodge cannot file a second or successive § 2255 motion in the District Court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing

---

[1] At the time Hodge filed his original § 2255 motion, the documents pertaining to § 2255 motions were being filed in the civil case. Thus, any reference to his previous § 2255 proceeding will refer to court file numbers in his civil case. Presently, documents filed in § 2255 cases are filed in the underlying criminal cases. Thus, reference to the second § 2255 motion will refer to the court file number in his underlying criminal case.

1

the District Court to consider the motion. This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending motion.

Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *See Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

As there is no matter pending before this Court for which an evidentiary hearing is required, Hodge's motion requesting an evidentiary hearing is **DENIED** (Criminal Court File No. 48).

SO ORDERED.

ENTER this the 30th day of January, 2012.

                              */s/ R. Allan Edgar*
                              R. ALLAN EDGAR
                    UNITED STATES DISTRICT JUDGE